# EXHIBIT B

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

FILED
Chris Daniel
District Clerk

APR 12 2011

CAUSE NO. 2011-22261

| | | |
|---|---|---|
| WHITNEY J. BRAGG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| CENTERPOINT ENERGY, INC. | § | JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WHITNEY J. BRAGG, Plaintiff, and files this her Original Petition, complaining of **CenterPoint Energy, Inc.,** hereinafter referred to as Defendant, and for cause of action would respectfully show the following:

### I.

Plaintiff brings this action under the Texas Commission on Human Rights Act, as amended ("TCHRA"), TEX. LAB. CODE ANN. § 21.001 et seq., seeking redress for Defendant's unlawful employment practices based on race, disability, and retaliation. All claims forming the basis of this suit arise under Texas law. Discovery is intended to be conducted under Level 3.

### Parties

1.    Plaintiff is an individual who resides in Houston, Texas. At all relevant times Defendant employed Plaintiff in their office in Houston, Texas and at all relevant times Plaintiff was an "employee" within the meaning of the TCHRA.

2.    Defendant is a corporation organized and existing under the laws of the State of Texas and is authorized to do business in the State of Texas, and may be served with process by serving their registered agent for service of process, C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

Certified Document Number: 48428743 - Page 1 of 6

CONFIRMED FILE DATE: 4/12/2011

3. Defendant had more than 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Therefore, Defendant constitutes an "employer" within the meaning of the TCHRA.

### Jurisdiction

4. In this action Plaintiff seeks injunctive relief, back pay, front pay and other equitable relief, compensatory and exemplary damages, prejudgment interest, attorney fees and costs for Defendant's unlawful employment practices under the TCHRA.

5. On September 29, 2010, Plaintiff dually filed a charge alleging race and disability discrimination, and retaliation in employment against Defendant (Charge No. 846-2010-69892) with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD") within 180 days of the adverse action forming the basis of her complaint. On February 28, 2010, Plaintiff was issued a notice of her right to file suit to enforce her rights under the Texas statute against the Defendant. *See* Exhibit 1 to *Plaintiff's Original Petition.*

6. Plaintiff has complied with all jurisdictional prerequisites for this suit under the TCHRA.

### Venue

7. Venue is proper in Harris County, Texas since Defendant is doing business in Harris County, Texas and since the Plaintiff's claims arose in Harris County, Texas.

### Allegations

8. Plaintiff is a member of a protected class.

9. Plaintiff was initially hired by Defendant as a customer service representative on or about May 1, 2008. Plaintiff's job duties included, but were not limited to, sitting and viewing computer screens for extended periods of time, and lifting, carrying, pushing, and pulling up to

Certified Document Number: 48428743 - Page 2 of 6

10 pounds. During the time period Plaintiff worked for Defendant she discharged the duties of her position diligently and courteously.

Count One – Plaintiff's Race and Disability Claim

10. In June, 2010, Plaintiff was diagnosed with and sought treatment for irritable bowel syndrome (IBS), a condition which caused her to experience recurrent abdominal pain and major depression, therefore causing her to be unable to perform her job duties during those times when she suffered from the condition. Plaintiff notified Defendant of her illness and medical condition. Thereafter, Defendant began discriminating against Plaintiff, and on July 12, 2010, Plaintiff spoke with Defendant's Human Resources representative and advised her that she felt that she was being discriminated against because of her race, Black. On July 13, 2010, Defendant advised Plaintiff that she may be eligible for medical leave due to her disability, and told her that the required forms must be completed and returned to Defendant by July 28, 2010. Plaintiff was terminated on July 15, 2010.

11. Defendant discriminated against Plaintiff on the basis of her race and on the basis of her disability in violation of Section 21.051 of the Texas Labor Code with respect to the terms, conditions and privileges of her employment with Defendant, and further with respect to the termination of her employment.

12. By reason of Defendant's intentional discrimination, Plaintiff is entitled to back pay, front pay and other appropriate equitable relief. Reinstatement of Plaintiff to her former employment is not feasible under the circumstances of this case.

13. Plaintiff is further entitled to recover compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses pursuant to TEX. LAB. CODE ANN. § 21.2585(d).

Certified Document Number: 48428743 - Page 3 of 6

14. Defendant engaged in such discriminatory practices with malice or with reckless indifference to Plaintiff's state-protected rights. Accordingly, she is entitled to an award of exemplary damages against Defendant in an amount to be determined by the jury under Section 21.2585(b) of the Texas Labor Code.

15. Plaintiff is entitled to recover prejudgment interest in accordance with Texas law.

16. Plaintiff is entitled to recover reasonable attorney fees and costs pursuant to Section 21.259 of the Texas Labor Code.

### Count Two — Plaintiff's Retaliation Claim

17. Plaintiff realleges and incorporates by reference all allegations set forth paragraphs 1 through 16.

18. Defendant discharged Plaintiff in retaliation for her opposition to the company's discriminatory practices. Therefore, Defendant's conduct constituted an intentional, unlawful employment practice in violation of Section 21.055 of the Texas Labor Code.

19. By reason of Defendant's violation of the Texas Labor Code, Plaintiff is entitled to back pay, front pay and other appropriate equitable relief pursuant to Section 21.258(b) of the statute. Reinstatement of Plaintiff to her former employment with Defendant is not feasible under the circumstances of this case.

20. Plaintiff is further entitled to recover compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses pursuant to Section 21.2585(d) of the Texas Labor Code.

21. Defendant engaged in such discriminatory practices with malice or with reckless indifference to Plaintiff's state-protected rights. Accordingly, she is entitled to an award of punitive damages against Defendant in an amount to be determined by the jury under Section 21.2585(b) of the Texas Labor Code.

22. Plaintiff is entitled to recover prejudgment interest in accordance with Texas law.

Certified Document Number: 48428743 - Page 4 of 6

23.   Plaintiff is entitled to recover reasonable attorney fees and costs pursuant to Section 21.259 of the Texas Labor Code.

### Count Three – Plaintiff's Negligent Misrepresentation Claim

24.   Pleading further, Plaintiff would show that Defendant by and through their agents, servants, representatives, and employees, made representations to Plaintiff in the course of said Defendant's business.   Specifically, Defendant, by and through their agents, servants, representatives, and employees represented to Plaintiff that if she followed their procedures with respect to taking medical leave, absences due to her illness and medical condition would be excused.  Such representations were false and misleading, as Defendant failed to allow Plaintiff the stated time to return the requested documentation.   Nonetheless, Defendant's agents, representatives, servants, and employees supplied this false information for the guidance of Plaintiff.  Defendant, by and through their agents, representatives, servants, and employees, failed to exercise reasonable care or competence in obtaining or communicating disability leave information to Plaintiff.  Plaintiff justifiably relied on the representations made by Defendant, and the Defendant's negligent misrepresentation proximately caused the Plaintiff to miss additional time from work for which Defendant terminated her.

25.   Defendant had a financial interest in Plaintiff leaving their employ.  If Plaintiff was terminated, Defendant no longer had to pay wages and other employment benefits to Plaintiff.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant appear and answer herein, and that upon trial of this cause, Plaintiff have judgment against Defendant for the following:

Certified Document Number: 48428743 - Page 5 of 6

1) an order permanently enjoining Defendant from failing or refusing to hire any individual, discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation or the terms, conditions or privileges of employment because of such individual's age;

2) back pay and front pay including all lost wages and employment benefits;

3) compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses for defendant's violations of the Texas Labor Code as set forth in counts one, two, three and four;

4) punitive damages in an amount to be determined by the jury in accordance with state law;

5) prejudgment and postjudgment interest at the legal rates;

6) reasonable attorney fees and all costs of court; and

7) such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

### Jury Demand

Plaintiff hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

THE A.D. JOHNSON LAW FIRM, PLLC

ANGELA D. JOHNSON
TSB # 24004721
15201 East Freeway, Suite 104
Channelview, Texas 77530
(281) 452-6500
(281) 452-6505 facsimile
ATTORNEY FOR PLAINTIFF

Certified Document Number: 48428743 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 27, 2011

Certified Document Number:        48428743

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**